IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.  Criminal No. **3:05CR536**

**ROBERT JUNIOUS ARCHIE,**

Petitioner.

## MEMORANDUM OPINION

Robert Junious Archie, a former federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("2255 Motion," ECF No. 49). The Government requests that the Court deny the § 2255 Motion on the grounds that, *inter alia*, the statute of limitations bars the § 2255 Motion. Archie has not responded. For the reasons set forth below, the § 2255 Motion will be denied as barred by the statute of limitations.

### I.  PROCEDURAL HISTORY

Archie pleaded guilty to conspiracy to distribute fifty grams or more of cocaine base. (Plea Agreement 1, ECF No. 13.) On July 18, 2006, the Court entered final judgment against Archie and sentenced him to 188 months of incarceration. (J. 2, ECF No. 23.)[1] Archie filed no appeal.

On August 29, 2012, Archie executed and placed his § 2255 Motion in prison mail system for transmission to this Court. The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

---

[1] The Court subsequently reduced Archie's sentence to 126 months. (*See* ECF Nos. 31, 48.) Archie has been released from incarceration.

In his § 2255 Motion, Archie asserts entitlement to relief as follows:[2]

> The Petitioner argues that his prior conviction is not eligible for enhanced penalties. Under section code 841, the eligibility for prior convictions to be used by the Government, the defendant must exceed more than one year imprisonment, in which the defendant[']s priors are suspended sentences. It is stated in the Fourth Circuit that suspended sentences are not to be viewed as custodial, the Petitioner request to be review[ed] by the Court's for any error pertaining to his criminal history points that [were] added from prior convictions that don't need the criteria according to "new rule."

(§ 2255 Mot. 5.) Under the "timeliness" section of his § 2255 Motion, Archie suggests his § 2255 Motion is timely because he "became aware" of the "new rule" in *United States v. Simmons*, 649 F.3d. 237 (4th Cir. 2011) and *United States v. Thompson*, 480 F. App'x 201, 204 (4th Cir. 2012). (*Id.* at 13.)

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
>     **(1)** the date on which the judgment of conviction becomes final;
>
>     **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>     **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] The Court corrects the punctuation and capitalization in quotations from Archie's submissions.

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Archie did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Tuesday, August 1, 2006—the last date to file an appeal. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:04CV122, 4:01CR16, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (effective until December 9, 2009) (requiring defendant to file an appeal within ten (10) days of the entry of judgment). Thus, Archie had until Wednesday, August 1, 2007 to file any motion under 28 U.S.C. § 2255. Because Archie did not file his § 2255 Motion until August 29, 2012, the statute of limitations bars the § 2255 Motion unless Archie demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)–(4) or an equitable exception to the statute of limitations.

Archie apparently seeks a belated commencement under 28 U.S.C. § 2255(f)(3) based on the United States Court of Appeals for the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).[3]

---

[3] In *Simmons*, the Fourth Circuit addressed the method for determining whether a prior conviction is considered a "felony" conviction punishable by a term of more than one year. *Simmons*, 649 F.3d 243–35. The Fourth Circuit

> overruled prior decisions and held that, in deciding whether to enhance federal sentences based on prior North Carolina convictions, we look not to the maximum sentence that North Carolina courts could have imposed for a *hypothetical* defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's *actual* level of aggravation and criminal history.

*Powell*, 691 F.3d at 556 (citing *Simmons*, 649 F.3d at 241). Archie also cites *United States v. Thompson*, 480 F. App'x 201, 204 (4th Cir. 2012) in his § 2255 Motion. In that decision, the Fourth Circuit explained that the relevant inquiry is not the actual sentence the defendant

3

A § 2255 petitioner may obtain a belated commencement of the limitation period to "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). To the extent Archie argues that he is entitled to a belated commencement under § 2255(f)(3) because *Simmons* was a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" he is incorrect. *Id. Simmons* "is not a Supreme Court decision recognizing a new right, [thus] it likewise cannot be invoked in connection with the limitation period onset contemplated by § 2255(f)(3)." *United States v. Bowman*, 561 F. App'x 294, 298 (4th Cir. 2014). Moreover, Archie fails to demonstrate entitlement to a belated commencement of the limitation period or equitable tolling. *See United States v. Whiteside*, 775 F.3d 180, 184-87 (4th Cir. 2014) (rejecting the notion that the decision in *Simmons* provides a basis for belated commencement under 28 U.S.C. § 2255(f)(4) or equitable tolling). Thus, Archie lacks entitlement to a belated commencement period under *Simmons*. Accordingly, the statute of limitations bars Archie's § 2255 Motion.

### III. CONCLUSION

The § 2255 Motion (ECF No. 49) will be DENIED and the action will be DISMISSED.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

---

received, but "whether the actual defendant was subject to a potential sentence of greater than one year of imprisonment." *Id.*

that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Archie has not satisfied this standard. Accordingly, the Court will DENY a COA.

An appropriate Order will accompany this Memorandum Opinion.

Date: 5/18/15
Richmond, Virginia

/s/ *[signature]*
John A. Gibney, Jr.
United States District Judge

5